ELOISE C. SHORT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Short v. Commissioner
Docket No. 5452-78.
United States Tax Court
T.C. Memo 1980-225; 1980 Tax Ct. Memo LEXIS 355; 40 T.C.M. (CCH) 547; T.C.M. (RIA) 80225; June 30, 1980, Filed Eloise C. Short, pro se. Richard S. Kestenbaum, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $2,362 in petitioner's Federal income tax for the year 1976. The sole issue for our decision is whether one-half of the net capital gain reported by petitioner on her income tax return for that year is an item of tax preference pursuant to section 57(a)(9) [1] and is thus subject to the minimum tax pursuant to section 56(a). FINDINGS OF FACT Petitioner Eloise C. Short resided in Brooklyn, New York at the time the petition was filed herein. The relevant facts are brief and not in dispute. During the tax year 1976, petitioner received a sum of $59,379.79 from the New York City Retirement System. This sum was paid to her as a result of the death of her sister who was a participant in the New York City Employee's Retirement System. The sum of $59,379.79 received qualified as an employee death benefit under section 101(b) *357 and was therefore subject to the death benefit exclusion provided thereunder. Of the remaining amount, $54,529.79, the sum of $51,490.43 was reported by petitioner and is taxable as long-term capital gain. The balance of $3,039.36 was reported by petitioner and is taxable as ordinary income pursuant to section 402. OPINION During 1976, petitioner received a lump sum payment from the New York City Retirement System on account of the death of her sister who was a participant in that program. The bulk of the payment, $51,490.43 was reported by petitioner and was taxed as long term capital gain. Respondent contends that an amount equal to one-half of the net capital gain for the taxable year 1976 is an item of tax preference under section 57(a)(9). [2] As a result, he asserts that $25,745.26, is subject to the minimum tax on tax preference items under section 56(a). Petitioner does not really address the issue of whether or not this sum constitutes *358 an item of tax preference. Rather she appeals to the Court because she paid state inheritance taxes on this amount due to the death of her sister as well as all other taxes which she was advised to pay. She argues that had she known about the additional tax in 1976, she would have promptly paid it. However, being unaware of the additional tax, she has since spent all the money. While we sympathize with petitioner and seriously doubt Congress had in mind the circumstances before us when it enacted the minimum tax, we must reluctantly agree with respondent that one-half of the amount reported by petitioner as net capital gain for the taxable year 1976 is an item of tax preference, subject to the minimum tax. Under the Tax Reform Act of 1969, Pub. L. 91-172, 83 Stat. 487, Congress enacted a minimum tax to be applied to certain enumerated "items of tax preference" which were felt to be overly advantageous for some corporations and individuals. Under these provisions, as amended by the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, and as in effect for the tax year before us, an amount equal to one-half of the net capital gain of an individual taxpayer is considered a tax preference *359 item. [3] In accordance with section 56(a), [4] a minimum tax on tax preference items is applied on the amount by which the tax preference items exceed the greater of $10,000 or the "regular tax deduction", as determined under section 56(c). It is clear that the case now before us was not the focal point of congressional *360 concern when it enacted the minimum tax on tax preference items. Rather it was addressing the situation where individuals and corporations were earning large sums of money, but because of certain preferential items, were paying little or no tax. See S. Rept. No. 91-552 (1969), 1969-3 C.B. 423, 430. However, it is equally clear that an exception is not carved out of the statute for circumstances such as these, where the taxpayer receives a large lump payment in 1 year that is reportable as long term capital gain. Section 56(a) unambiguously states that the minimum tax shall be imposed on tax preference items, where applicable, to the income of every person. Although we sympathize with petitioner's honesty and sincerity, we are not as a Court authorized to relieve someone of a tax liability merely because they are unable to pay the deficiency. Accordingly, we hold that one-half of the net capital gain for 1976 which was reported by petitioner is an item of tax preference, subject to the minimum tax. Respondent requested at trial that if we should find for him in this matter, that the decision be entered under Rule 155 in order to allow him the opportunity to *361 determine if the taxpayer is entitled to a special 10-year forward averaging rule under section 402. In accordance with his request, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.↩
2. Sec. 57(a)(9) was amended by the Revenue Act of 1978. This amendment is effective for the tax years ending after October 31, 1978. Respondent's determination is based upon the statute as it was applicable to the tax year 1976.↩
3. As in effect for 1976, the relevant part of sec. 57 provided as follows: SEC. 57. ITEMS OF TAX PREFERENCE. (a) IN GENERAL. -- For purposes of this part, the items of tax preference are -- * * * (9) CAPITAL GAINS. -- (A) INDIVIDUALS. -- In the case of a taxpayer other than a corporation, an amount equal to one-half of the net capital gain for the taxable year. ↩
4. As in effect for 1976, the relevant part of sec. 56 provided as follows: SEC. 56. IMPOSITION OF TAX. (a) GENERAL RULE. -- In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater of -- (1) $10,000, or (2) the regular tax deduction for the taxable year (as determined under subsection (c)).↩